NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Curtis Eugene Newson, Aisha Newson, and Aliyyah Newson, | Civ. No. 14-5708 |
| Plaintiffs, | **OPINION** |
| v. | |
| The Department of Children and Families Division of Child Protection and Permanency, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter has come before the Court on the application of *pro se* Plaintiffs Curtis Eugene Newson and his daughters Aisha and Aliyyah Newson to proceed *in forma pauperis*. (Doc. No. 1). The Court has reviewed the affidavit of indigence and the Complaint. (*Id.*). Although the Court will grant Plaintiffs' application to proceed *in forma pauperis*, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

BACKGROUND

Plaintiffs seek damages and an injunction against the Department of Children and Families Division of Child Protection and Permanency ("DCF"). Plaintiff Curtis Newson alleges that DCF employees unlawfully refused to place his daughters in his custody and failed to inform him of their location even though he told them he had been awarded sole and residential custody in a prior divorce proceeding. (Doc. No. 1 at 3). Moreover, Mr.

Newson alleges that as a result of DCF's conduct, his two daughters ended up at a hotel sharing the same bed with a boy, Aisha suffered a head injury, and Aliyyah was sexually molested by a stranger. (*Id.* at 3-4). Although unclear, it appears that at the time, the children had been under the temporary custody of their mother, Carmella Newson, who had been previously arrested for abuse. (*Id.* at 3). Police and DCF employees interviewed daughters Aisha and Aliyyah after the hotel incident, without Mr. Newson present. (*Id.* at 4). Plaintiffs allege that Defendants failed to place Aisha and Aliyyah in their father's custody despite knowledge of the children's poor living conditions and knowledge of his lawful custody. (*Id.*). Plaintiffs assert a Fourteenth Amendment Due Process violation and an Eighth Amendment violation. (*Id.*). They appear to be suing Defendants for damages in their official and individual capacities and for an injunction against DCF to ensure that children of opposite genders do not share the same bed and to ensure that medical or psychological investigations of a child are recorded and conducted in the presence of a parent. (*Id.* at 5).

## DISCUSSION

In considering applications to proceed *in forma pauperis*, the court generally engages in a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Second, the court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *See id.*

1. **Application to proceed *in forma pauperis***

The filing fee for a civil case in the United States District of New Jersey is $350.00, with an additional $50.00 administrative fee. To avoid paying these fees, a plaintiff may submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011) (citations omitted). A litigant need not be "absolutely destitute" to qualify. *Mack v. Curran*, 457 F. App'x 141, 144 (3d Cir. 2012) (citations omitted).

It appears from the application that Plaintiffs do not have any assets and receive a total of $1,470 each month from social security, welfare, and food stamps. Upon review, Plaintiffs have shown sufficient economic disadvantage to proceed *in forma pauperis*.

**2. Dismissal under 28 U.S.C. § 1915(e)**

Having granted Plaintiffs' application to proceed *in forma pauperis*, the Court must screen the Complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. § 1915(e), which directs courts to *sua sponte* dismiss any claims that "fail[] to state a claim upon which relief may be granted." In making this determination, the Court reviews the Complaint under the familiar pleading standards reiterated and clarified in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, Plaintiffs must assert "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Dismissal is appropriate where, accepting all well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Simon v.*

*Mercer Cnty. Cmty. Coll.*, No. 10-5505 (GEB), 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011) (citations omitted).  Finally, since Plaintiffs are *pro se*, courts must be mindful to construe the complaint liberally in their favor.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

*Eighth Amendment Claim*

      Plaintiffs assert that Defendants' failure to release Aisha and Aliyyah Newson into their father's custody resulted in physical harm to them in violation of the Eighth Amendment prohibition against cruel and unusual punishment.  However, the Eighth Amendment only applies to convicted prisoners.  *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239 (1983); *Ingraham v. Wright*, 430 U.S. 651 (1977).  Therefore, Plaintiffs' Eighth Amendment claim will be dismissed with prejudice.

*Fourteenth Amendment Claims*

      Plaintiffs appear to assert two Fourteenth Amendment violations: (1) Plaintiff Curtis Newson claims that his parental rights were violated when DCF failed to release his daughters into his custody and inform him of their location; and (2) Plaintiffs Aisha and Aliyyah Newson assert that their rights were violated when, as a result of Defendants' failure to release them into their father's custody, they were physically harmed by a stranger.  Both substantive Due Process claims will be dismissed for failure to state a claim showing entitlement to relief.  *See* Fed. R. Civ. P. 8(a)(2).

      "A substantive due process claim requires a showing that a defendant deprived the plaintiff of a protected property or liberty interest and that the deprivation 'shocks the conscience.'"  *Clayworth v. Luzerne Cnty.*, No. 3:11-CV-254, 2011 WL 6055407, at *3 (M.D. Pa. Dec. 6, 2011) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)).  A

protected liberty interest exists for parents regarding "the custody, care and management of their children," and a state "has no interest in protecting children from their parents unless it has some reasonable and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse." *Croft v. Westmoreland Cnty. Child and Youth Servs.*, 103 F.3d 1123, 1125–26 (3d Cir. 1997). "In the context of a social worker acting to separate parent and child, the standard of culpability for a substantive due process violation 'must exceed both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed shocks the conscience.'" *Clayworth*, 2011 WL 6055407, at *3 (quoting *Miller v. City of Phila.*, 174 F.3d 368, 375 (3d Cir. 1999)).

Plaintiffs' first Due Process claim asserts that Defendants unlawfully interfered with Plaintiff Mr. Newson's protected parental rights. However, Plaintiffs' Complaint does not allege that Defendants had control, custody, or supervision over daughters Aisha and Aliyyah Newson such that Defendants owed a duty to Plaintiffs to inform Mr. Newson of his daughters' location or to place his daughters in his custody. Indeed, the Complaint states that Mr. Newson "agreed for his daughters to stay with the mom until the remainder of the school year ending in June 2014." (Compl. at 3). Plaintiffs' Complaint fails to specify DCF's role within the Newson family, and there is no indication that Defendants knew where the children were or had control over them. Therefore, Plaintiffs' first Due Process claim will be dismissed without prejudice and with leave to refile.

Plaintiffs' second Due Process claim appears to assert that Defendants' failure to place Aisha and Aliyyah into their father's custody resulted in Aisha and Aliyyah's

5

physical harm from strangers.  However, the Supreme Court has held that the Fourteenth Amendment does not impose liability on state agencies for actions or omissions that resulted in harm to children caused by a non-state, private actor when the children were not in the State's custody.  *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) (holding that the Fourteenth Amendment does not apply to a county social services department that failed to remove a child from his abusive father's custody despite receiving repeated notifications of abuse by the father; the court reasoned that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause").  Here, the Complaint suggests that Aisha and Aliyyah were in their mother's custody at the time of the alleged abuse, and there is no indication that the abuser is in any way affiliated with DCF or the State.  Thus, Plaintiffs' second Due Process claim will be dismissed with prejudice.

*Relief*

Plaintiffs seek damages against Defendants in their official and individual capacities.  However, claims against Defendants in their official capacities are barred by immunity.  State officials acting in their official capacity are not deemed "person[s]" within the meaning of 42 U.S.C. § 1983 to the extent plaintiffs seek retrospective damages.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).  In addition, the Eleventh Amendment protects states and their agencies and departments from suit in federal court.  *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  State officers can only be sued in their official capacity for an injunction, *Ex Parte Young*, 209 U.S. 123 (1908), or in their individual capacity for damages, *Hafer v. Melo*, 912 F.2d 628, 635 (3d Cir. 1990) ("In a suit against state officials in their 'personal'

capacity, however, where the plaintiff seeks recovery from the personal assets of the individual, the state is not the real party in interest; the suit is therefore not barred by the Eleventh Amendment."). However, state officials sued in their individual capacity may still be protected by qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Here, DCF and its employees are protected in their official capacity against suits for damages. *See Sweet–Springs v. Dept. of Children and Families,* Civ. No. 12–706, 2013 WL 3043644, at *5 (D.N.J. June 17, 2013) ("Courts in this district have long held that DCF and DYFS are, beyond dispute, arms of the state for sovereign immunity purposes.") (internal citation omitted). Thus Plaintiffs' claims for damages against Defendants in their official capacity will be dismissed with prejudice, but claims for damages against Defendants in their individual capacity may proceed.

In addition to damages, it appears that Plaintiffs seek an injunction to change DCF's practices to require that its investigations of children are recorded and conducted in the presence of a parent and to ensure that children of the opposite sex do not share the same bed. However, Plaintiffs have no standing to assert such an injunction. Under Article III of the United States Constitution, only plaintiffs with standing may bring claims in federal court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). To have standing, a plaintiff must assert (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the plaintiff's injury and defendant's conduct and (3) a likelihood that judicial relief will redress plaintiff's injury. *Id.* If the plaintiff seeks injunctive relief, he must additionally allege an immediate threat of future injury. *See City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983). Here, it does not appear that daughters Aisha and Aliyyah Newson were under DCF's

custody or supervision. Nor has Plaintiff alleged that DCF's actions in this case are demonstrative of broader policies within the agency. Thus, Plaintiffs have not alleged an actual or imminent threat of future injury that judicial relief will redress. Therefore, Plaintiffs' claims for an injunction to change DCF's practices will be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' application to proceed *in forma pauperis* (Doc. No. 1), but will *sua sponte* dismiss the Complaint.[1] An appropriate Order accompanies this Opinion.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

---

[1] However, because it is conceivable that Plaintiffs may be able to supplement their pleading with facts sufficient to state a Fourteenth Amendment claim with respect to Defendants' interference with Plaintiff Curtis Newson's parental rights, the Court will grant Plaintiffs leave to file an application to re-open, accompanied by a proposed amended complaint.